IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HEATHER KISEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16 C 8664 |
| ) | |
| J.D.A. OF ORLAND PARK, INC. ) | |
| d/b/a Southfork Family Restaurant, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Heather Kisel filed suit against J.D.A. of Orland Park, Inc. d/b/a Southfork Family Restaurant, alleging that Southfork retaliated against her in violation of Title VII of the Civil Rights Act of 1964. Southfork has moved to dismiss Kisel's complaint on the ground that Kisel's suit was untimely.

### Background

On August 3, 2015, Kisel filed a charge against Southfork with the Equal Employment Opportunity Commission (EEOC) alleging retaliation in violation of Title VII. Kisel worked for Southfork as a server from September 10, 2014 until she was fired on October 10, 2014. Kisel alleges that Southfork terminated her employment because it discovered that she filed an EEOC charge against the restaurant and had previously filed a gender discrimination lawsuit against her former employer, Olympic Star Restaurant.

On June 2, 2016, the EEOC dismissed Kisel's charge and sent her a notice of

right to sue, advising her that she had ninety days to file a lawsuit against Southfork following receipt of the notice. Kisel received the notice on June 6, 2016. On September 2, 2016, she filed a one-count complaint against Southfork alleging retaliation under Title VII. She did not, however, submit with her complaint either the filing fee or an application for leave to proceed *in forma pauperis* (IFP). Kisel filed an IFP application two weeks later, on September 16, 2016, and the Court granted the application on September 21, 2016. Southfork now moves to dismiss Kisel's complaint on the ground that she filed it too late.

## Discussion

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 62, 678 (2009). The plaintiff does not need to provide detailed factual allegations but must provide enough factual support to raise her right to relief above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Under Rule 12(b)(6), a court may dismiss a complaint "that is indisputably time-barred." *Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012).

Under Title VII, a plaintiff is required to file a civil action within ninety days after receiving a notice of right to sue from the EEOC. 42 U.S.C. § 2000e-5(f)(1). It is undisputed that Kisel submitted her complaint to the Clerk within ninety days after receiving the EEOC notice. Southfork contends, however, that Kisel's complaint was not actually "filed" on September 2, 2016 when she delivered it to the Clerk but rather should be considered to have been filed on September 16, 2016 when she submitted her IFP petition. Southfork contends, in essence, that a complaint is not considered to

be filed unless it is accompanied by a filing fee or an IFP petition.

There is no rule that says that a complaint must be accompanied by a filing fee or a request to waive it in order to stop the clock on the statute of limitations. To the contrary, the Federal Rules of Civil Procedure provide that a "civil action is commenced by filing a complaint with the court" and that a "clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice." Fed. R. Civ. P. 3, 5(d)(4). Similarly, although this District's Local Rule 3.3(b) states that any "document submitted for filing for which a filing fee is required must be accompanied either by the appropriate fee or an IFP petition," the same rule goes on to say that the "clerk will file any document including a complaint in a civil action . . . without prepayment" but that "such filings shall be subject" to sanctions. *Id.* A plaintiff's decision to file an IFP petition does not alter the date when her complaint is considered to be filed. Local Rule 3.3(d) states that "if the judge grants the IFP petition, the complaint shall be filed as of the date of the judge's order, *except that where the complaint must be filed within a time limit and the order granting leave to file is entered after the expiration of that time limit, the complaint shall be deemed to have been filed . . . . as of the time the complaint was received by the clerk.*" N.D. Ill. L.R. 3.3(d) (emphasis added). In accordance with these rules, the Seventh Circuit held in *Robinson v. Doe*, 272 F.3d 921 (7th Cir. 2001), that a complaint is considered to have been filed for statute of limitations purposes "when the court clerk receives the complaint, not when it is formally filed in compliance with all applicable rules involving filing fees and the like." *Id.* at 922-23.

To support its contention that a complaint that is not accompanied by a filing fee

3

is "filed" only if it is accompanied by an IFP petition, Southfork cites to *Williams-Guice v. Board of Education of City of Chicago*, 45 F.3d 161 (7th Cir. 1995), *Stephenson v. CNA Financial Corp.*, 777 F. Supp. 596 (N.D. Ill. 1991), and *Quiles v. O'Hare Hilton*, 572 F. Supp. 866 (N.D. Ill. 1983). These cases, however, are not applicable here. The district courts in *Stephenson* and *Quiles* did not address whether an IFP petition must be filed within the statute of limitations period in order for a complaint to be timely. In *Williams-Guice*, the Seventh Circuit held only that the statute of limitations is paused on the date a court receives a plaintiff's IFP petition and is resumed following the court's denial of a plaintiff's IFP petition. *Williams-Guice*, 45 F.3d at 164. The court did not address a scenario anything like the one in this case, nor did it overrule *Robinson*.

Southfork also argues that cases in which a plaintiff's complaint is deemed "filed" without an accompanying IFP petition, such as the one in *Jones v. Bertrand*, 171 F.3d 499, 502 (7th Cir. 1999), "were the result of leniency by the court" for *pro se* litigants. Def.'s Reply at 6. Southfork is correct that the Seventh Circuit in *Jones* adopted the more lenient "mailbox" rule for *pro se* prisoners because "prisoners filing *pro se* do not have the same access to the court system as other litigants, and, in order for justice to be properly served, their papers should be considered filed when given to prison officials." *Jones*, 171 F.3d at 502. The court, however, made no distinction between *pro se* and non-*pro se* litigants when it concluded that "for statute of limitations purposes, an inmate's petition for habeas relief need not be accompanied by the required filing fee or IFP application, so long as one or the other is sent within a reasonable time after the petition and there is no evidence of bad faith on Petitioner's part." *Id*. The court explained that the ruling is "consistent with other civil litigation

proceedings wherein an untimely submission of a filing fee does not time-bar a cause of action that has otherwise been timely filed." *Id.* The court also reiterated that a "district court should regard as 'filed' a complaint which arrives in the custody of the clerk within the statutory period but fails to conform with formal requirements in local rules." *Id.* at 503 (quoting *Gilardi v. Schroeder*, 833 F.2d 1226, 1233 (7th Cir. 1987)).

In this case, Kisel's complaint was filed, for statute of limitations purposes, on September 2, 2016 when the clerk received her complaint—several days before the statute of limitations expired. Kisel also submitted her IFP petition within a reasonable amount of time following the filing of her complaint—ten days later. The Court granted Kisel's IFP petition after the statute of limitations had expired, so under Local Rule 3.3(d), her complaint is considered to have been filed on the day she submitted it to the clerk, not on the day she filed her IFP petition or the day the petition was granted. Finally, the record does not support a finding that Kisel acted in bad faith in filing her delayed IFP petition. Accordingly, the Court concludes that Kisel's complaint was filed in timely fashion.

## Conclusion

For the reasons stated above, the Court denies defendant's motion to dismiss [dkt. no. 17].

_____
MATTHEW F. KENNELLY
United States District Judge

Date: January 23, 2017